UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LOUISIANA GENERATING LLC, | * | CIVIL ACTION |
| and NRG ENERGY, INC. | * | |
| | * | |
| VERSUS | * | NO. 10-516-RET-SCR |
| | * | |
| ILLINOIS UNION INSURANCE | * | |
| COMPANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ILLINOIS UNION'S OBJECTIONS TO CONFERENCES AND OTHER PROCEEDINGS BY SPECIAL AND LIMITED APPEARANCE

**MAY IT PLEASE THE COURT:**

COMES NOW, Illinois Union Insurance Company ("Illinois Union"), sought to be made a Defendant herein, who, by special and limited appearance, with full reservation of all rights and defenses pursuant to Federal Rules of Civil Procedure Rule 12(b) and otherwise, respectfully objects to participation in any Scheduling Conference, Rule 26(f) Conference or other Conference and preparation, signing and filing of any Rule 26(a)(1) initial disclosures and other disclosures or discovery of any kind in the above entitled cause for the reasons set forth herein. Illinois Union specifically denominates this as a special and limited appearance for purposes of objecting to the Order of this Honorable Court dated August 18, 2010 [Doc. No. 7], with a full reservation of all rights and defenses, particularly those set forth in Federal Rules of Civil Procedure Rule 12(b), specifically including, but not limited to, the defense of improper venue pursuant to Rule 12(b)(2), and does not hereby intend to submit to the Court's venue, to acquiesce in the Court's exercise of jurisdiction over it or to in any way waive its defenses of improper venue.

## **BACKGROUND**

Briefly, the instant litigation arises out of a coverage dispute concerning a Premises Pollution Liability Insurance Policy issued by Illinois Union to NRG Energy, Inc. Plaintiffs, NRG and Louisiana Generating LLC, maintain entitlement under the Policy to defense and indemnity in connection with an underlying EPA Enforcement Action. Illinois Union denies that Plaintiffs are entitled to coverage, defense and/or indemnity under the Policy. On July 29, 2010, Illinois Union filed a declaratory judgment action against Plaintiffs in the United States District Court for the Southern District of New York, seeking a declaration pursuant to 28 U.S.C. §2201 that it does not owe insurance coverage, defense or indemnity to Plaintiffs herein arising out of the Enforcement Action. Plaintiffs later filed the instant second-filed, duplicative action seeking a similar judicial determination. It is undisputed by Plaintiffs that the New York suit "involves substantially the same subject matter that comprises all or a material part of the subject matter of the instant suit." [Doc. No. 2-6].

Illinois Union objects to venue in the Middle District of Louisiana and expressly denies that venue in this Court is appropriate. Illinois Union has previously moved for dismissal pursuant to Rule 12(b)(3) based on improper venue and, alternatively, for transfer to the Southern District of New York pursuant to the first-filed rule and/or 28 U.S.C.A. §1404(a), and, in the further alternative, for a stay of all proceedings in this matter. [Doc. Nos. 8 and 9]. Illinois Union has also previously objected to Plaintiffs' proposal to hold a Rule 26 Conference in this matter on grounds that such would be inappropriate and premature in light of Illinois Union's pending defenses and objections to venue in this Court. To date, Illinois Union's Motions have not been set for hearing and currently remain under advisement.

On August 18, 2010, Magistrate Judge Stephen C. Riedlinger issued a 90 Day Conference Order setting a Scheduling Conference for November 18, 2010 and ordering that a status report shall be filed on or before November 4, 2010.  [Doc. No. 7].  The status report must be filed in accordance with Attachment A to the 90 Day Conference Order, which anticipates compliance by the parties with the requirements of Federal Rules of Civil Procedure 26(a)(1) and 26(f).  [Doc. No. 7, Attachment A].  Illinois Union respectfully submits the instant objections in response thereto.

## LAW AND ARGUMENT

Illinois Union respectfully objects to participation in the November 18, 2010 Scheduling Conference, a Rule 26(f) Conference and any other Conference, and preparation, signing and filing of any Status Report, Rule 26(a)(1) initial disclosures, and other disclosures or discovery, on grounds that these are not appropriate in view of its pending defenses and objections to venue.

Although there is no bright-line rule as to when waiver might occur, it is well-settled that a party may waive its objection to the venue of the Court through conduct.  As recognized by the United States Supreme Court, personal jurisdiction and venue are privilege defenses which may be waived by formal submission in a cause or by submission through conduct.  Neirbo Co. v. Bethlehem Shipbuilders Corp., 308 U.S. 165, 167-168, 60 S.Ct. 153, 154-155, 84 L.Ed. 167 (1939).  While Rule 12(h) of the Federal Rules of Civil Procedure sets forth one particular instance in which the defense of improper venue may be waived, it does not preclude waiver by implication.  In Northside Iron and Metal Company, Inc., v. Dobson and Johnson, Inc., 480 F. 2d 798, 800 (5th Cir. 1973), the United States Fifth Circuit recognized that waiver of a venue defense may be inferred from conduct inconsistent with the assertion of the privilege.  More recently, in Hunt v. Bankers Trust Company, 799 F. 2d 1060, 1068 (5th Cir. 1986), the Fifth

Circuit pronounced: "Venue is a privilege personal to a litigant, and, even when venue is laid in a court where it would otherwise be improper, it may be waived by express agreement or by conduct." *Also See* Marquest Medical Products, Inc. v. EMDE Corporation, 496 F. Supp. 1242, 1245 (D. C. Col. 1980)(holding that defendants waived their objections to venue by conduct).

Accordingly, Illinois Union's conduct in participating in various conferences and the submission of reports and disclosures could potentially risk waiving or otherwise jeopardizing Illinois Union's objections to venue. Illinois Union respectfully submits that these activities are premature considering the pending Motions and parallel federal court actions, and further that it would be patently unfair to require it to participate in locally mandated conferences and/or to make initial disclosures when Illinois Union's pending Rule 12(b) Motions has yet to be considered or decided.

Illinois Union further respectfully submits that in view of the pendency of its Motions to Dismiss, Transfer or Stay, and the pending parallel action in the Southern District of New York, further discovery and proceedings in this matter are premature and Illinois Union should be spared the burden, expense and risks of engaging in disclosures, discovery and reporting in this case, which activities would be inconsistent with Illinois Union's objections to venue.

For all of the foregoing reasons, Illinois Union respectfully submits that substantial prejudice may result if it is required to participate in proceedings before this Honorable Court. Although Illinois Union's request that proceedings in this matter be stayed is currently pending, in an abundance of caution, Illinois Union hereby reiterates and restates its objections to venue and submits that further proceedings in this matter, particularly including, but not limited to, the November 18, 2010 Scheduling Conference and attendant discovery, disclosures and reporting requirements, are inappropriate and should be stayed. Illinois Union respectfully submits that all

4

conferences, reporting requirements and discovery measures should be stayed and that Illinois Union should be excused from participating in any Rule 26(f) Conference, Rule 26(a)(1) Initial Disclosures or other proceedings until a minimum of 30 days after final disposition of Illinois Union's pending Motions, if then warranted.  Considering its defenses and objections, Illinois Union respectfully submits that a short delay would in no way prejudice the parties hereto.

## **CONCLUSION**

For all of the foregoing reasons, Illinois Union, by special and limited appearance with full reservation of rights all rights and defenses pursuant to Federal Rules of Civil Procedure Rule 12(b) and otherwise, respectfully objects to participation in any disclosures or discovery of any kind; and submits that all conferences, reporting requirements and discovery measures in this matter should be stayed and that it should be excused from participating in any Rule 26(f) Conference, Rule 26(a)(1) Initial Disclosures and other discovery or proceedings until at least 30 days after final disposition of Illinois Union's pending Motions, if then warranted.  Illinois Union further submits that for good cause shown the Scheduling Conference currently set for November 18, 2010 should be continued without date.

        Respectfully submitted,

        PREIS & ROY
        (A Professional Law Corporation)


BY:   /s/ Danielle M. Smith
        **JENNIFER E. MICHEL (#18114)**
        **DANIELLE M. SMITH (#24648)**
        **TABITHA R. DURBIN (#29164)**
        102 Versailles Blvd., Suite 400
        Post Office Drawer 94-C
        Lafayette, Louisiana  70509
        Telephone:   337-237-6062
        Facsimile:   337-237-9129
        E-mail:   jem@preisroy.com
                  dms@preisroy.com
                  trd@preisroy.com

        COUNSEL FOR ILLINOIS UNION
        INSURANCE COMPANY SPECIALLY
        APPEARING WITH FULL
        RESERVATION OF ALL RIGHTS AND
        DEFENSES PURSUANT TO FEDERAL
        RULES OF CIVIL PROCEDURE RULE
        12(b) AND OTHERWISE

**CERTIFICATE OF SERVICE**

  I hereby certify that on November, 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of filing to all counsel accepting electronic notice. I further certify that I mailed the foregoing document and notice of electronic filing filed by first-class mail to all counsel of record who are non-CM/ECF participants.

             /s/ Danielle M. Smith
             **DANIELLE M. SMITH**

/1611221