UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


LOUISIANA GENERATING, L.L.C. AND
NRG ENERGY, INC.                              CIVIL ACTION

VERSUS                                        NUMBER 10-516-RET-SCR

ILLINOIS UNION INSURANCE COMPANY


### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is the Plaintiffs' Motion to Compel Discovery of Reinsurance, Reserves, Similarly Situated Policyholder and Premium Information. Record document number 63. The motion is opposed.[1]

Plaintiffs Louisiana Generating, L.L.C. and its parent corporation NRG Energy, Inc. filed this declaratory judgment action seeking a determination of coverage under a Custom Premises Pollution Liability Insurance Policy issued by Illinois Union Insurance Company. Plaintiffs requested defense and coverage for damages resulting from a separate action, in which the U.S. government sought injunctive relief and civil penalties against Louisiana Generating for certain alleged violations of the Clean Air Act. The insurer denied coverage under the policy and refused to defend the plaintiffs.

On November 18, 2010, a scheduling order was issued as to

---

[1] Record document number 65. Plaintiffs filed a reply memorandum. Record document number 75.

discovery and dispositive motions relevant of the defendant's duty to defend, but "it does not prohibit the parties from conducting such other discovery as they may agree on."[2]  Plaintiffs subsequently propounded its first set of discovery requests on the defendant on December 1, 2010.  Defendant served its responses on January 18, 2011.  This motion addresses the defendant's failure to respond to certain requests which sought information concerning the following subjects: (1) communications between the defendant and its reinsures about the government action; (2) reserves set by the defendant for the government action; (3) prior insurance coverage provided by the defendant to similarly situated policy holders facing lawsuits involving Clean Air Act violations; and, (4) documents used to calculate the premiums for the plaintiffs' pollution policy.

Plaintiffs sought production of the defendant's reinsurance agreements applicable to the plaintiffs' claim pursuant to Rule 26(a)(1)(iv), Fed.R.Civ.P., which provides that "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Plaintiff has not shown how production of any reinsurance agreement is relevant to the defendant's duty to defend.  Under Louisiana law, an insurer has a duty to defend its insured unless

---

[2] Record document number 32.

the allegations in the petition unambiguously exclude coverage.[3]

The allegations of the petition must be liberally interpreted in determining whether the claim falls within the scope of the insurer's duty to defend, and ambiguous provisions in insurance policies are strictly construed against the insurer in favor of coverage.[4] The issue of whether or not an insurer has a duty to defend is determined by the application of the eight corners rule, where the insurer must compare the allegations in the complaint against the terms of the policy.[5]

Interrogatory Number 10 and Document Request No. 19 sought information concerning communications with the defendant's reinsurers regarding the plaintiffs' entitlement to coverage for the government action. Plaintiffs argued that communications between the defendant and its reinsurers are relevant because they may contain statements regarding the existence and application of key policy terms and the potential for coverage under the policy. Plaintiffs noted that these communications may also include a loss assessment report.

---

[3] *United Fire and Casualty Co. v. Hixon Brothers, Inc.*, 453 F.3d 283, 286 (5th Cir. 2006); *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001).

[4] *Hardy*, 236 F.3d at 290, *citing*, *Yount v. Maisano*, 627 So.2d 148, 153 (La. 1993) and *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 764 (La. 1994).

[5] *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 872–77 (5th Cir. 2009); *Lamar Advertising Co. v. Continental Casualty Co.*, 396 F.3d 654, 660 (5th Cir. 2005).

In Interrogatory No. 11 and Document Request No. 20, the plaintiffs requested information concerning the insurance reserves set by the defendant for the plaintiffs' claim.  Plaintiffs argued that this information is directly relevant to whether the defendant believes a potential for coverage exists under the pollution policy.

Plaintiffs also argued that documents used to calculate premiums as requested in Document Request Nos. 1 and 9 must be produced because they will demonstrate the scope of coverage that was intended under the pollution policy.  Specifically, the plaintiffs noted that the documents used to calculate the premiums may be relevant to the question of whether coverage for Clean Air Act violations was part of the consideration in setting the price for the pollution policy and whether the defendant intended to provide coverage for actions involving such violations.  Plaintiff argued that these documents may provide information concerning how the defendant applies terms under the policy, particularly the terms "pollution condition" and "claim".

Plaintiffs have failed to demonstrate how the information requested in Interrogatory Nos. 10 and 11 and Document Request Nos. 1, 9, 19, and 20 are relevant at this stage of discovery.

While the possibility of liability under the policy triggers the insurer's duty to defend, the defendant's subjective beliefs or statements regarding the potential for coverage or indemnity does

not influence this objective determination of whether coverage is unambiguously excluded by the allegations of the petition. Plaintiff failed to cite any controlling case law that demonstrates the relevance of the aforementioned discovery requests to the issue of an insurer's duty to defend. Most of the cited cases involved the relevance of discovery to actual coverage, claim valuation, and bad faith claims. These discovery requests require no further response from the defendant at this time.

Plaintiffs also sought substantive responses to Interrogatory Number 9 and Document Request No. 13, which requested information and documents regarding claims made by similarly situated policyholders and lawsuits alleging violations of the Clean Air Act. Plaintiffs asserted that this information may show how the defendant has interpreted its policy terms in similar circumstances. Interrogatory No. 9 specifically requested identification of other lawsuits involving the defendant in which coverage was sought for a claim arising out of or relating to the Clean Air Act. Plaintiffs later identified about 400 companies which they contended were "facing or hav[e] faced potential Clean Air Act liability" and demanded that the defendant essentially state whether it provided coverage for these entities and produce the requested documents if it did.[6] Defendant argued that not only

_____

[6] Record document number 63-15, Declaration of Shavon J. Smith, Exhibit 11.

was the request overbroad, but it was also irrelevant because the policy at issue was a custom policy specific to the plaintiffs and thus could not assist in policy language interpretation. Defendant provided evidence to demonstrate that a search through the relevant database of policyholders would be tedious and would not generate all the information needed to adequately respond to the plaintiffs' request.[7] Defendant asserted that the claims narrowed down by its database search would then need to be manually reviewed to determine whether the matter involved a Clean Air Act violation and/or whether there was any litigation. Defendant additionally asserted that, due to privacy concerns, additional time would be required to get the policyholders to consent to the use of the information from their claims.

Although the plaintiffs' policy may have been customized to fit their needs, the defendant did not contend that it never issued another custom policy with the same coverage terms and conditions. In general, the interpretation of the same policy language by another court may be helpful in determining whether the defendant has a duty to defend. But these discovery requests are not limited to policies with the same coverage terms and conditions. Moreover, the plaintiffs did not just seek identification of claims and lawsuits where a court has interpreted the same policy language,

---

[7] Record document number 65, Exhibit A, Affidavit of Christopher R. Stella.

they sought production of the files too.  As such, these discovery requests are overbroad.  Given that the duty to defend is determined by the court applying the eight corners rule, it does not appear that the marginal benefit to the parties and the court from production of the defendant's files for Clean Air Act claims under policies with the same coverage terms and conditions would outweigh the defendant's burden to search for and produce them. Permitting the extensive discovery sought by the plaintiffs would defeat the purpose of limiting discovery to the duty to defend issue.  Therefore, the defendant is not required to supplement its response to Interrogatory No. 9 or Document Request No. 13.

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion unless the motion was substantially justified or other circumstances make an award of expenses unjust.

Plaintiff's motion was not substantially justified.  The discovery requests at issue sought information and documents primarily, if not exclusively, relevant to coverage rather than the defendant's duty to defend.  And there is no agreement to conduct discovery relevant to coverage.

Defendant did not submit anything to establish a specific amount of expenses incurred in opposing motion.  A review of the

motion papers supports finding that an award of $2,000 is reasonable.

Accordingly, the Plaintiffs' Motion to Compel Discovery of Reinsurance, Reserves, Similarly Situated Policyholder and Premium Information is denied. Pursuant to Rule 37(a)(5)(B, the plaintiffs shall pay to the defendant, within 14 days, reasonable expenses in the amount of $2,000.00.

Baton Rouge, Louisiana, August 8, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE