UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA GENERATING, L.L.C. AND
NRG ENERGY, INC.                                CIVIL ACTION

VERSUS                                          NUMBER 10-516-RET-SCR

ILLINOIS UNION INSURANCE COMPANY

### RULING ON MOTION TO COMPEL DISCOVERY

Before the court is a Motion to Compel Discovery Responses and Document Production filed by defendant Illinois Union Insurance Company. Record document number 62. The motion is opposed.[1]

Plaintiffs Louisiana Generating, L.L.C. and its parent corporation NRG Energy, Inc. filed this declaratory judgment action seeking a determination of coverage under a Custom Premises Pollution Liability Insurance Policy issued by Illinois Union Insurance Company. Plaintiffs requested defense and coverage for damages resulting from a separate action, in which the U.S. government sought injunctive relief and civil penalties against Louisiana Generating for certain alleged violations of the Clean Air Act. *United States of America, Environmental Protection Agency v. Louisiana Generating LLC*, CV 09-100-RET-CN (the "Underlying Action"). Defendant denied coverage under the policy and refused to defend the plaintiffs.

---

[1] Record document number 66. Plaintiffs filed a reply memorandum. Record document number 76.

On November 18, 2010, a scheduling order was issued as to discovery and dispositive motions relevant of the defendant's duty to defend, but "it does not prohibit the parties from conducting such other discovery as they may agree on."[2]  Defendant propounded its first set of discovery requests on the plaintiffs on February 11, 2011.  Plaintiffs served their responses on March 25, 2011 and produced a hard drive containing the plaintiffs' document production on March 29, 2011.  Plaintiffs' responses included over 298,000 electronically produced documents.  Load file information, which was supposed to allow the defendant to read and navigate the hard drive material, was provided by the plaintiffs on March 30, 2011.  Plaintiffs subsequently produced several supplemental CDs containing thousands of documents in response to the defendant's discovery requests.

Between March and May of 2011, the parties engaged in extensive correspondence in a effort to resolve various issues the defendant had with the plaintiffs' responses.  The parties were unable to reach an agreement regarding the form of the document production and certain alleged insufficiencies with the plaintiffs' responses, which are now at issue in this motion.

Defendant initially argued that the plaintiffs failed to produce documents in manner permitted under Rule 34(b)(2)(E)(I), Fed.R.Civ.P., which requires that documents be produced either (1)

---

[2] Record document number 32.

as they are kept in the usual course of business or (2) organized and labeled to correspond to categories in the request. Defendant argued that the plaintiffs dumped hundreds of thousands of documents produced in the Underlying Action rather than producing the documents in a way they were ordinarily maintained in the course of the plaintiffs' respective businesses. Defendant argued there is no evidence to suggest that the discovery requests exchanged in the Underlying Action correspond in any manner to the discovery requests it propounded. Defendant also argued that the documents were produced without indicating which documents, or even a range of documents, respond to which discovery request. Defendant argued further that the plaintiffs made baseless and inconsistent objections which suggest that their document production was incomplete.

Plaintiffs argued that the defendants failed to show that any of its discovery requests are relevant to the issue of the duty to defend. As discussed in this Court's August 9, 2011 Ruling on Motion to Compel Discovery,³ an insurer has a duty to defend its insured unless the allegations in the petition unambiguously exclude coverage.⁴ The allegations of the petition must be

---

³ Record document number 80.

⁴ *United Fire and Casualty Co. v. Hixon Brothers, Inc.*, 453 F.3d 283, 286 (5th Cir. 2006); *Hardy v. Hartford Ins. Co.*, 236 F.3d 287, 290 (5th Cir. 2001).
   It may be that New York substantive law applies in this case.
(continued...)

3

liberally interpreted in determining whether the claim falls within the scope of the insurer's duty to defend, and ambiguous provisions in insurance policies are strictly construed against the insurer in favor of coverage.[5] The issue of whether or not an insurer has a duty to defend is determined by the application of the eight corners rule, where the insurer must compare the allegations in the complaint against the terms of the policy.[6]

All of the defendant's discovery requests clearly seek information and documents far beyond what would be relevant to determining whether the defendant has a duty to defend. Defendant has not shown that the plaintiffs agreed to such discovery. Defendant's attempt to infer an agreement is unpersuasive. It is apparent from even a cursory review of the pleadings and other papers filed in the record that counsel on both sides are experienced litigators. They surely know how to memorialize an unambiguous agreement to conduct coverage discovery if that is what

---

[4](...continued)
Plaintiffs noted in their opposition memorandum that the Policy contains a choice-of-law clause making New York law applicable. Record document number 66, p. 8, n. 8. Plaintiffs and the defendant cited both New York and Louisiana law in their respective memoranda. It is not necessary to determine whether New York or Louisiana law applies to resolve the issues raised by this motion.

[5] *Hardy*, 236 F.3d at 290, *citing*, *Yount v. Maisano*, 627 So.2d 148, 153 (La. 1993) and *Louisiana Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 764 (La. 1994).

[6] *Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 872-77 (5th Cir. 2009); *Lamar Advertising Co. v. Continental Casualty Co.*, 396 F.3d 654, 660 (5th Cir. 2005).

the parties agreed to do. There should be no need to ask the court to infer such an agreement from the plaintiffs' willingness to provide substantive discovery responses - all the while repeatedly stating they do not concede that the defendant's discovery requests fall within the scope of discovery allowed at this time.

Acknowledging that generally facts extrinsic to the complaint in the underlying action are not considered for duty to defend purposes, the defendant argued that there is an exception when the extrinsic facts are unrelated to the merits of the underlying action. Defendant then argued that the plaintiffs' "reluctance to provide an explanation as to how the Underlying Action constitutes a 'claim' that is distinct from the NOVs, and thus falling within the Policy's coverage" entitles the defendant "to broad discovery into the connection between the NOVs and the Underlying Action."[7] Defendant specifically cited Request for Production Nos. 7, 8, 42, 44, 45 and 46 and Interrogatory No. 8.

Defendant's argument, based on these specific discovery requests, is unpersuasive. These document production requests do not ask for an explanation of anything. They ask for communications and pollution policy applications. Plaintiffs noted in their opposition memorandum that the defendants already have copies of the NOVs, there is no dispute when they were issued, and whether the NOVs constitute the same "claim" as the Underlying

---

[7] Record document number 62-3, p. 16-19.

5

Action is a legal issue. Moreover, plaintiffs noted that the defendant's Interrogatory No. 8 asked them to "[i]dentify the factual bases and Policy provisions on which you rely to support your contention that the NOVs and the Underlying Action are not the same 'Claim.'" Although objecting to the interrogatory, the plaintiffs provided a substantive response by identifying specific Policy provisions and the complaints in the Underlying Action, as well as the allegations in this case. Interrogatory No. 8 did not ask for an "explanation." Plaintiffs' substantive response is sufficient.[8]

It is not necessary, at this time, to address the defendants' argument that the plaintiffs' document production did not comply with Rule 34(b)(2)(E)(I). If the court determines that the defendant has a duty to defend the defendant can renew its argument.[9]

Under Rule 37(a)(5)(B), if a motion to compel discovery is denied, the court must require the moving party or its attorney or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion unless the motion was

---

[8] In response to several other similar interrogatories the plaintiffs reiterated their objection to the scope of the interrogatory, but nonetheless provided a substantive response. Record document number 62-5, Exhibit B, Answers to Interrogatory Nos. 5, 6, 7, 9 and 10. Those responses are also sufficient.

[9] Plaintiffs filed a motion for partial summary judgment on the duty to defend issue. Record document number 81.

substantially justified or other circumstances make an award of expenses unjust.

Defendant's motion was not substantially justified. The discovery requests at issue sought information and documents primarily, if not exclusively, relevant to coverage rather than the defendant's duty to defend. To the extent that a few of them sought information and documents arguably relevant to the duty to defend, the plaintiffs provided sufficient answers and responses. And there is no agreement to conduct discovery relevant to coverage.

Plaintiffs did not submit anything to establish a specific amount of expenses incurred in opposing motion. A review of the motion papers supports finding that an award of $2,000 is reasonable.

Accordingly, the defendant's Motion to Compel Discovery Responses and Document Production is denied, without prejudice to renewing its manner-of-production argument after the court rules on the duty to defend issue. Pursuant to Rule 37(a)(5)(B), the defendant shall pay to the plaintiffs, within 14 days, reasonable expenses in the amount of $2,000.00.

Baton Rouge, Louisiana, August 12, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE