UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA GENERATING LLC, ET AL.

VERSUS

ILLINOIS UNION INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 10-516-JJB

CONSOLIDATED WITH

ILLINOIS UNION INSURANCE
COMPANY

VERSUS

NRG ENERGY, INC., ET AL.

CIVIL ACTION

NO. 10-835-JJB

## **RULING AND ORDER**

These consolidated matters are before the court on motions (10CV516, doc. 8 and 10CV835, doc. 46) to dismiss, stay or transfer based upon venue-related arguments. The matter has been thoroughly briefed. There is no need for oral argument.

Illinois Union Insurance Company ("Illinois Union" or "the Insurer") issued a pollution liability insurance policy covering certain locations including the Big Cajun II plant operated by Louisiana Generating LLC ("LaGen" or "the Insured") in New Roads, Louisiana. In 2009, the United States, acting on behalf of the Environmental Protection Agency, filed a Clean Air Act enforcement action in this court against

LaGen (United States of America, Environmental Protection Agency v. Louisiana Generating, LLC, Civil Action No. 09-100-JJB).  The above referenced matters are insurance coverage and indemnification disputes stemming from the enforcement action.

The procedural history of these consolidated actions is as follows.  The Insurer first filed suit on July 29, 2010, in the U.S. District Court for the Southern District of New York.  The Insured then filed Civil Action No. 10-515 several days later, on August 9, 2010, in this court.  On December 4, 2010, Judge Barbara Jones, the district judge handling the New York action, issued a transfer order sending that litigation to this court with it being assigned docket number 10-835-JJB.

There are basically three grounds asserted by Illinois Union support of its motions to transfer the coverage actions to the Southern District of New York: (I) improper venue; (2) the First-Filed rule, and (3) 28 USC §1404(a).  Taking the arguments in reverse order, the court readily finds that §1404(a) does not warrant transfer. As Judge Jones more fully explains in her ruling the "balance of convenience" factors weigh in favor of the litigation proceeding in Louisiana.  Not only are the parties and witnesses based in this state; the relevant sources of evidence are located here.  It will be more efficient for the coverage and defense issues to be tried in the same forum as the enforcement action.  Additionally, Louisiana has a strong interest in having the enforcement and insurance actions tried locally.

The court likewise finds no merit to the Insurer's argument under the First-Filed rule, which is at heart a discretionary rule "grounded in principles of comity and sound judicial administration." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947 (5th Cir. 1997). In view of Judge Jones' transfer order, mechanical application of the First-Filed rule in this instance would certainly run afoul of notions of comity and judicial efficiency; the court agrees with LaGen that a re-transfer order would likely result in a "vicious circle of litigation." The fact that Illinois Union has taken an appeal from Judge Jones' order to the Second Circuit does not alter this court's assessment of the matter.

The remaining grounds for transfer cited by Illinois Union are based upon its contention that the policy contains a mandatory venue clause. The court has carefully reviewed the arguments and finds that a plain reading of the clause shows that it is permissive in nature;[1] it does not prohibit the parties from litigating their dispute in courts other than the New York state courts. See, *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). In short, venue is proper here. The court adopts the reasoning advanced by the Insured in its briefs.

---

[1] The clause providing in pertinent part: "the 'Insurer' and the 'insured' will submit to the jurisdiction of the State of New York and will comply with all requirements to give such court jurisdiction..."

Accordingly, the motions (10CV516, doc. 8 and 10CV835, doc. 46) to stay, dismiss or transfer based upon venue are hereby DENIED.

Baton Rouge, Louisiana, September 22, 2011.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA