UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LOUISIANA GENERATING, L.L.C. AND
NRG ENERGY, INC.                   CIVIL ACTION

VERSUS                                NUMBER 10-516-JJB-SCR

ILLINOIS UNION INSURANCE COMPANY

### RULING ON MOTION FOR CONTEMPT

Before the court is defendant Illinois Union Insurance Company's Motion for Contempt Against Wells Fargo Insurance Services USA, Inc. Record document number 73. The motion is opposed.[1]

Plaintiffs Louisiana Generating, L.L.C. and its parent corporation NRG Energy, Inc. filed this declaratory judgment action seeking a determination of coverage under a Custom Premises Pollution Liability Insurance Policy issued by Illinois Union Insurance Company. Plaintiffs requested defense and coverage for damages resulting from a separate action in which the United States government sought injunctive relief and civil penalties from Louisiana Generating for certain alleged violations of the Clean Air Act. Illinois Union denied coverage under the policy and refused to defend the plaintiffs.

---

[1] Record document numbers 92 and 93, filed by plaintiff Louisiana Generating LLC and Wells Fargo Insurance Company USA, Inc., respectively. Defendant filed a reply to each opposition. Record document numbers 105 and 106.

On May 18, 2011, the defendant serveda Notice of Subpoena Duces Tecum and Subpoena to Produce Documents, Information, or Objects on non-party Wells Fargo Insurance Services USA, Inc. Wells Fargo was subsequently granted an informal extension of time by the defendant to respond until June 16, 2011.[2] Wells Fargo and the defendant agreed that production would be made by uploading the responsive documents to a secure internet site which the defendant could access with password. Due to technical difficulties, Wells Fargo did not provide the defendant with the link to the website and the password to access the requested documents until June 29, 2011.

On June 30, 2011, the defendant requested Wells Fargo to confirm whether documents had been withheld and to provide a privilege/redaction log for any such documents. On July 7, Wells Fargo forwarded via email a privilege log prepared by counsel for the plaintiffs which identified 17 withheld documents.

On July 14 the defendant filed this motion seeking production of the withheld documents. Defendant argued that because Wells Fargo or the plaintiffs failed to properly object to the subpoena within 14 days after the subpoena was served, as required under Rule 45, Fed.R.Civ.P., they waived any objections to the subpoena.

Both the plaintiffs and Wells Fargo filed oppositions to the defendant's motion. Plaintiffs argued that its privilege claims

---

[2] Record document number 92, Exhibit A

were not waived because the defendant had sufficient notice prior to the 14-day deadline that Wells Fargo needed additional time to collect and review the numerous documents requested and that the plaintiffs wanted to review of the documents for privileged materials.  In support of their argument, the plaintiffs relied on evidence showing that counsel for Wells Fargo maintained regular correspondence with the defendant's counsel before and after both the regular and extended deadlines to advise them of technical difficulties with the production and the plaintiffs' counsel's request for review.[3]  Plaintiffs argued that they were unable to object to production or assert a privilege until they were able to review the documents.  Plaintiffs also argued that Wells Fargo's response to the subpoena cannot waive their attorney-client privilege.  Alternatively, the plaintiffs argued that the Rule 45 time limitations for objections should be disregarded due to the unusual circumstances presented in this matter, including the lack of relevance and the overbreadth of the information sought and the cooperation of the subpoenaed party.

Wells Fargo argued in its opposition memorandum that, as a non-party to this litigation, it should not be penalized or held in contempt for withholding documents.  Wells Fargo asserted that it acted as expeditiously as possible and was contractually required

---

[3] Record document number 93, attached Affidavit of Patricia Allen and Exhibit A.

to maintain the confidentiality of its client and to withhold any documents that the plaintiffs asserted were privileged. Wells Fargo argued that these circumstances present an adequate excuse for its failure to comply with the subpoena.

A review of the record shows that on July 2 the defendant agreed to an informal, i.e. not granted by the court, extension until June 16 for Wells Fargo to respond to the subpoena. Rule 45(2)(B) requires that objections to a subpoena be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. There is no documentation between the parties or Wells Fargo after June 16 indicating that another formal extension for production was granted. While the communications between counsel for Wells Fargo and the defendant indicated the defendant's acknowledgment of Wells Fargo's late production due to technical difficulties, this courtesy is not a substitute for another extension of the Rule 45 objection deadline. Thus, June 16, 2011 was the deadline to serve written objections to production and any objections were waived after that date.

Rule 45(c)(3) sets forth the procedural mechanism to protect a person subject to a subpoena. Neither Wells Fargo nor the plaintiffs filed a timely motion to quash or modify the subpoena. The record shows that the plaintiffs' request to review the documents was communicated by Wells Fargo to defendant on June 23. Defendant also received a privilege log after the deadline for

4

objections expired.  However, these circumstances do not support finding that the defendant waived its right to assert procedural deficiencies under Rule 45.

Plaintiffs' argument that its untimely objections should be excused because of its late receipt of the documents from Wells Fargo is unpersuasive.  The cases cited by the plaintiffs are not controlling.  Courts within the Fifth Circuit have consistently held that failure to serve timely objections to a Rule 45 subpoena generally results in a waiver of all grounds for objection, including privilege.[4]  Even if the Rule 45 time limitation could be excused under special circumstances, the evidence shows that plaintiffs had sufficient notice and time to review the subpoena itself and to either obtain another informal extension from the defendant or file a motion to quash or modify the subpoena.  Neither of these options required full review of the responsive documents.  Plaintiffs failed to use the proper procedural mechanisms afforded to them to protect their interest in the documents.

Rule 45(e) states in pertinent part that "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."  Pursuant to 28

---

[4] *Piazza's Seafood World, L.L.C. v. Odom*, 2011 WL 364437, 3 (M.D.La. Aug. 19, 2001); Isenberg v. Chase Bank USA, N.A., 661 F.Supp.2d 627, 629 (N.D.Tex. July 13, 2009); and Douga v. D&B Boat Rentals, Inc., 2007 WL 677202, 1 (W.D.La. Feb. 28, 2007).

5

U.S.C. § 636(e)(6), a magistrate judge cannot grant a motion for contempt, but can only certify the facts regarding any failure to obey the subpoena to the district judge, and order an appearance before the district judge to show cause why that person should not be held in contempt.  With respect to Wells Fargo's actions, the record demonstrates Wells Fargo did not act in bad faith in withholding the alleged privilege documents requested by the subpoena.  Wells Fargo established that technical difficulties prohibited a timely production and that the defendant was consistently notified of Wells Fargo's efforts and intentions.  Considering all the circumstances, a certification of facts to the district judge that Wells Fargo should be held in contempt is not warranted.  For these same reasons, an award of attorney's fees against Wells Fargo is denied.

Accordingly, the Illinois Union Insurance Company's Motion for Contempt Against Wells Fargo Insurance Services USA, Inc. is granted in part, and denied in part.  Wells Fargo shall produce the withheld documents responsive to the defendant's subpoena within seven days.  No objections will be allowed.  Defendant's request to find Wells Fargo in contempt and for an award of attorney's fees is denied.

Baton Rouge, Louisiana, December 14, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE