UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA GENERATING, LLC,  CIVIL ACTION
and NRG ENERGY, INC.
Plaintiff,

VERSUS  10-516-JJB-SCR

ILLINOIS UNION INSURANCE COMPANY,
Defendant.

### CONSOLIDATED WITH

ILLINOIS UNION INSURANCE COMPANY,  CIVIL ACTION
Plaintiff,

VERSUS  10-835-JJB-DLD

LOUISIANA GENERATING, LLC,
and NRG ENERGY, INC.
Defendant.

### RULING ON MOTION FOR NEW TRIAL

This matter is before the Court on Defendant Illinois Union's ("ILU") motion for a new trial or alternately to certify for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) or Rule 54(b) (doc. 115). Plaintiff Louisiana Generating ("LaGen") filed an opposition (doc. 130) and ILU replied (doc. 135). This motion refers to the Court's January 30, 2102 ruling on cross-motions for summary judgment (doc. 111). Oral argument is not necessary. For the following reasons, the motion for a new trial is DENIED and the alternate motion to certify for interlocutory appeal is GRANTED.

As to the first motion, the parties disagree under which provision of Rule 59 the motion is properly brought. ILU contends Rule 59(a) governs, while LaGen contends that really Rule 59(e) is proper. Both parties are mistaken. First, as there has been neither a jury nor a nonjury trial, Rule 59(a) does not apply in this situation. Second, as there has not been a judgment entered, there is no judgment to be altered under Rule 59(e). Therefore, the Court finds this is really a motion to reconsider its prior ruling that is governed by Rule 54(b), the relevant portion of which provides:

> [a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. Rule Civ. P. 54(b).[1] District courts have broad discretion in deciding whether to reconsider an interlocutory ruling. While the factors used in Rule 59 or 60 motions inform the Court's decision, ultimately a court is free to reconsider "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *McClung v. Gautreaux*, 2011 WL 4062387 (M.D. La. 2011) (internal citations omitted). However, courts generally decline to reconsider when a party simply seeks to rehash an old argument or raise a new argument without justification. *Id.*

---

[1] A different part of Rule 54(b) will pertain to the alternate motion to certify for appeal. This will be discussed below.

In its initial brief, ILU claimed there was new evidence and that the Court was manifestly erroneous in its prior ruling. In its opposition, LaGen pointed out that the "new" evidence had in fact been in ILU's possession since December 2010. In its reply, ILU concedes that this is in fact true and abandons this argument. The remainder of its argument is that the Court erred by (1) not finding the claim was made before the policy date and (2) not declaring the civil penalties provision to be punitive and therefore excluded from coverage. The Court finds no manifest error and while the case ILU presents from the Eastern District of Louisiana[2] may prove illuminating in the coverage determination, it does not point to manifest error by this Court. Therefore, the motion to reconsider is DENIED.

As for whether to certify this interlocutory decision for appeal, ILU first urges this under 28 U.S.C. § 1292(b). To gain this certification, the Court must find that the interlocutory decision (1) involves a controlling question of law as to which (2) there is a substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292.

The Court finds these three elements are met. First, the questions of whether injury to the air can be the sort of property damage that triggers coverage and whether civil fines are punitive in nature are controlling questions

---

[2] *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2012 WL 246455 (E.D. La. Jan. 26, 2012).

3

of law. This is so because if the answer to both is negative, then comparing the allegations in the underlying suit to the insurance policy would make it clear that coverage is impossible and there would be no duty to defend. ILU has pointed to other district courts that have reached different conclusions when confronted with these questions. And while none are controlling on this Court, it does point to a substantial ground for difference of opinion. Finally, were ILU to prevail on this interlocutory appeal, it would not have a duty to defend and thus the suit would be terminated.

LaGen focuses all of its energy on the third factor. (Doc. 130 at 18-22). Its main argument is that a determination in ILU's favor would not terminate the litigation as the second issue, coverage, would still be unresolved. This argument is without merit. The duty to defend is triggered by the potential for coverage. A ruling of no duty to defend necessarily means there is no coverage. Therefore, there would be nothing left to litigate. The same goes for LaGen's pending motion for attorney's fees for the underlying litigation up to this point. If there is no duty to defend, then that motion would be dismissed as well. As the Court finds the elements of 28 U.S.C. § 1292(b) are satisfied, it will certify the matter for interlocutory appeal.

The Court certifies under § 1292(b), there is no need to rule on the alternate motion to certify under Rule 54(b).[3]

---

[3] However, the Court also finds there is no just reason for delay and the ruling on the motions for summary judgment should be amended to provide that final judgment should be entered on the issue of

LaGen notes that this Court declined to certify the same question of the duty to defend in the *CamSoft v. Southern Electric* case.[4] (Doc. 130 at 21). However, in *CamSoft* the insurer was a party in the underlying suit. In this case, the coverage dispute is a separate suit. Therefore, the piecemeal appeal concerns are greatly reduced as this is a two-part, two-party dispute.

LaGen also points to *Landry v. GBA*, in which the Fifth Circuit found a Rule 54(b) certification premature where the judgment disposed only of the duty to defend issue and not the request for recovery of associated fees and penalties for breach of the duty that was brought in the same motion. 762 F.2d 462 (5th Cir. 1985). Further, LaGen points to a case where the district court declined to certify the duty to defend decision where it held there were outstanding issues regarding the duty to defend. *Kreger v. General Steel Corp*, 1020 WL 3076297 (E.D. La. 2010) (Berrigan, J.). ILU points to a more recent case from the same court finding there were no unresolved issues regarding the duty to defend. *Williams v. Traylor-Massman-Weeks, LLC.*, 2011 WL 4959365 (E.D. La. 2011) (Berrigan, J.). The Court further notes other courts have certified this question of duty to defend. *State of N.Y. v. AMRO Realty Corp.*, 936 F.2d 1420 (2d Cir. 1991).

---

the duty to defend under Rule 54(b). This determination is made by balancing the "danger of hardship or injustice through delay which would be alleviated by immediate appeal" and avoiding piecemeal appeals. *Eldridge v. Martin Marietta Corp.*, 207 F.3d 737, 740 (5th Cir. 2000) (internal quotation omitted). If there is no duty to defend, delaying an appeal would keep ILU in the litigation unnecessarily—indeed it would keep the entire litigation going unnecessarily.

[4] 2011 WL 263 7001 (M.D. La. 2011).

The Court finds *Landry* is distinguishable in that there was no motion for fees and penalties brought along with the motion for summary judgment. As this case was bifurcated between duty to defend and coverage, and the Court finds there are no unresolved issues regarding the duty, *Williams* is on point.

For these reasons, the motion for a new trial is DENIED but the alternate motion to certify under 28 U.S.C. § 1292(b) is GRANTED. Further, LaGen's pending Motion for Attorney Fees (doc. 113) is DISMISSED and may be refiled after the resolution of the appeal.

Signed in Baton Rouge, Louisiana, on May 15, 2012.

 **JUDGE JAMES J. BRADY**
 **UNITED STATES DISTRICT COURT**
 **MIDDLE DISTRICT OF LOUISIANA**