UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LOUISIANA GENERATING LLC and <br> NRG ENERGY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ILLINOIS UNION INSURANCE COMPANY, <br><br> Defendant. | No. 3:10-cv-00516-JJB-SCR |
| ILLINOIS UNION INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LOUISIANA GENERATING LLC and <br> NRG ENERGY, INC., <br><br> Defendants. | No. 3:10-cv-00835-JJB-SCR |

## FINAL JUDGMENT AND ORDER

**THIS MATTER**, having been brought before the Court by way of the motion of Plaintiffs Louisiana Generating LLC and NRG Energy, Inc. ("LaGen") for Summary Judgment on Illinois Union Insurance Company's ("ILU") Duty to Indemnify for Costs Incurred Under the Consent Decree (Dkt. No. 298) and ILU's Motion for Summary Judgment (Dkt. No. 327); wherein LaGen sought summary judgment on its claims for declaratory judgment and breach of contract against ILU, for ILU's failure to indemnify LaGen under policy G23877399 001 ("Pollution Policy") for costs LaGen paid pursuant to the Consent Decree that settled *United States v. Louisiana Generating, LLC*, No. 09-100 (M.D. La.), an action brought by the United

States Environmental Protection Agency and Louisiana Department of Environmental Quality alleging that Units 1 and 2 at LaGen's Big Cajun II plant violated portions of the Clean Air Act; and wherein this Court ruled on August 5, 2015, that LaGen's motion (Dkt. No. 327) is **GRANTED** and ILU's motion (Dkt. No. 298) is **DENIED**. (Dkt. No. 356). For the reasons stated in the Court's Ruling on Motions for Summary Judgment, and for good cause shown,

**JUDGMENT IS HEREBY ORDERED AS FOLLOWS:**

On LaGen's claim for breach of contract against ILU, for ILU's failure to indemnify LaGen for the Consent Decree pursuant to ILU's obligations under the Pollution Policy, judgment is entered in favor of LaGen and against ILU in the amount of $27,209,337.56. This amount includes: $20,314,728.61 for LaGen's installation of selective non-catalytic reduction technology at Unit 3 of its Big Cajun II plant; $3,359,810.76 for LaGen's payments toward the $10,500,000 in Mitigation Projects specified in the Consent Decree; and $152,633.80 for LaGen's surrender of 2013 and 2014 emission allowances pursuant to the Consent Decree; for a total of $23,827,173.17 in Consent Decree Costs that LaGen has expended to date. The total amount of $27,209,337.56 is comprised of the $23,827,173.17 expended by NRG to date and $3,382,164.39 in prejudgment interest. The $3,382,164.39 in statutory prejudgment interest was calculated at a rate of 9% under New York law; beginning on the date LaGen paid each invoice or August 16, 2013 (the date of LaGen's demand on ILU), whichever is later; and ending on October 1, 2015.

On LaGen's claim for declaratory judgment against ILU, for future costs associated with the Consent Decree, including the balance of the remaining Mitigation Projects expenditures to be made pursuant to the Consent Decree and the value of future $NO_X$ and/or $SO_2$ allowances that LaGen surrenders pursuant to the Consent Decree, LaGen is awarded declaratory

judgment that entitles LaGen to indemnification under the ILU Pollution Policy for future Consent Decree Mitigation Project Costs, as LaGen incurs them, up to $7,140,189.21 and for the value of future $NO_X$ and/or $SO_2$ allowances that LaGen surrenders pursuant to the Consent Decree, as LaGen incurs these amounts.

LaGen will submit invoices to ILU for the remaining future Mitigation Project expenditures as LaGen incurs them, providing supporting documentation and proof of payment of the expenditures for which indemnity is sought; and payment will be due from ILU within 30 days of receipt of invoices, supporting documentation and proof of payment from LaGen supporting the amount submitted to ILU, after which interest will begin to run at the 0.33 percent statutory post-judgment interest rate.  ILU will pay a total of $10,500,000 for Mitigation Projects, as provided by the Consent Decree.

LaGen will submit invoices to ILU for future surrenders of $NO_X$ and/or $SO_2$ allowances as LaGen surrenders them, and payment will be due from ILU within 30 days of receipt of proof of payment and Platts' estimation of the allowances' value from LaGen supporting the amount billed to ILU, after which interest will begin to run at the 0.33 percent statutory post-judgment interest rate.

All payments, except interest and any award of attorneys' fees to LaGen's coverage counsel, made pursuant to this Final Judgment are subject to the ILU Pollution Policy limit of $50,000,000 (which has previously been impaired by payment of $11,152,367.31, leaving $38,847,632.69).  All obligations of ILU will cease upon exhaustion, by payments other than those for interest or attorneys' fees pursuant to *Mighty Midgets, Inc. v. Centennial Insurance Co.*, 389 N.E.2d 1080 (N.Y. 1979), of the remaining ILU Pollution Policy limit of $38,847,632.69.

The Court further determines that this Judgment is a final determination of the following motions, which the Court expressly **DENIED** in its August 5, 2015 Ruling: LaGen's Motion in Limine (Dkt. No. 324), ILU's Motion for Judicial Notice (Dkt. No. 349), ILU's Motion for an Extension of Discovery Deadlines (Dkt. No. 292), and ILU's Motion for a Stay of Summary Judgment Proceedings (Dkt. No. 352).

The Court expressly determines that this Judgment is a final determination of all claims and defenses raised in this action by all parties, and therefore constitutes a Final Judgment under the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure. The parties expressly reserve all appeal rights relative to the rulings addressed by this Final Judgment. This Court retains jurisdiction over any disputes arising under this Judgment, including the pending motion (Dkt. No. 357) for attorney's fees.

Signed in Baton Rouge, Louisiana, on October 1, 2015.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**