UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

LOUISIANA GENERATING LLC and
NRG ENERGY, INC.

VERSUS

ILLINOIS UNION INSURANCE COMPANY

CIVIL ACTION

NO. 10-516-JJB-SCR

## RULING

This matter is before the Court on a Motion for Attorneys' Fees (Doc. 357) brought by the plaintiffs, Louisiana Generating LLC and NRG Energy, Inc. (collectively referred to as "LaGen"). The defendant, Illinois Union Insurance Company ("ILU"), filed an opposition (Doc. 359) and the plaintiffs filed a reply brief (Doc. 364). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the plaintiffs' Motion for Attorneys' Fees (Doc. 357) is **GRANTED** as to attorneys' fees and prejudgment interest, in all other respects it is **DENIED**.

### I.   BACKGROUND

The main contention in this dispute is ILU's obligation to defend and indemnify LaGen pursuant to a Premises Pollution Liability II Insurance Policy (the "Policy") issued by ILU. The Court bifurcated the trial into a duty to defend phase and a duty to indemnify phase. LaGen prevailed on the first phase of the litigation—the duty to defend—and this Court granted LaGen's motion for attorneys' fees on that issue. *Ruling*, Doc. 214. That ruling adequately sets forth the facts of this case, which will not be reiterated herein. The present motion involves the second phase of the litigation—the duty to indemnify. LaGen prevailed on the duty to indemnify issue and now seeks recovery of attorneys' fees and expenses incurred in that action.

1

## II. DISCUSSION

### A. Costs & Expenses Other than Attorneys' Fees

The Court notes that this Ruling is limited to LaGen's request for *attorneys' fees*. All requests for costs or expenses[1] that are not associated with an attorney or paralegal are handled by the Clerk of Court. As such, if LaGen wants to pursue costs and expenses other than attorneys' fees, it should file an application for cost with the Clerk. *See* Fed. R. Civ. P. 54(d)(1).

### B. Attorneys' Fees and Duty to Indemnify

At issue here is whether LaGen is barred from recovering attorneys' fees incurred defending the indemnity phase of this action. ILU contests LaGen's assertion that it is entitled to recover attorneys' fees on the duty to indemnify phase of the litigation. According to ILU, New York law limits fee shifting in insurance coverage litigation to the duty to defend, and does not apply to the duty to indemnify.

Under New York law[2], an insured who is "cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations," and who prevails on the merits, may recover attorneys' fees incurred in defending against the insurer's action. *Mighty Midgets, Inc. v. Centennial Ins. Co.*, 389 N.E.2d 1080, 1085 (N.Y. 1979) (creating an exception to the well-established law that an insured cannot recover his legal expenses in a controversy with a carrier over coverage).

In *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 822 N.E.2d 777 (N.Y. 2004), the New York Court of Appeals discussed the holding of *Mighty Midgets* as follows: "[U]nder *Mighty Midgets*, an insured who prevails in an action brought by an insurance company seeking a

---

[1] These other costs and expenses include expert fees, research services conducted by non-legal or paralegal personnel, and "overhead expenses" not associated with legal or paralegal personnel. The costs and expenses are limited to those incurred as a part of the indemnity phase of this litigation.

[2] The parties agree and the Court previously found that New York law governs this case. *Ruling* 7, Doc. 111.

2

declaratory judgment that it has no duty to defend *or* indemnify the insured may recover attorneys' fees regardless of whether the insurer provided a defense to the insured." 822 N.E.2d at 780 (emphasis added). Despite using "or" in its explanation, the court made clear that recovery of attorneys' fees under *Mighty Midget* is "incidental to the insurer's contractual *duty to defend*." *Id.* (emphasis added). Subsequent cases clarified that the *Mighty Midgets* exception is limited to declaratory judgment suits in which an insurer's duty to defend is at issue. *See Liberty Surplus Ins. Corp. v. Segal Co.*, 420 F.3d 65, 67–68 (2d Cir. 2005) (stating that *Underwriters* "does not expand the rule in Mighty Midget to any insurance dispute involving the duty to indemnify, regardless of whether the insurer has a duty to defend the insured")[3]; *Emp'rs Mut. Cas. Co. v. Key Pharm.*, 75 F.3d 815, 824 (2d Cir. 1996) ("Since the duty to defend is not at issue in this case, we conclude that under New York law, attorney's fees cannot be awarded); *Matter of Aetna Cas. & Sur. Co. v. Dawson*, 84 A.D.2d 708, 709 (N.Y. App. Div.1981) (rejecting claim for attorneys' fees were dispute did not involve a duty to defend). These cases appear to turn on whether the duty to defend was brought in the declaratory judgment suit, and not whether the duty to defend was litigated in the specific proceeding for which attorneys' fees are sought. Thus, the *Mighty Midgets* exception encompasses attorneys' fees sought in a duty to indemnify action if the underlying declaratory judgment suit also involved a duty to defend.

Therefore, to recover under *Mighty Midgets* (1) the insurer must place the insured in a "defensive posture;" (2) the declaratory judgment action must involve a contractual "duty to defend;" (3) the insurer must attempt to "free itself" from its policy obligations; and (4) the insured must prevail. *Id.* In the instant case, this Court found that ILU had a contractual duty to defend. *Ruling* 8, Doc. 111. Furthermore, this Court ruled that ILU placed LaGen in a "defensive posture'

---

[3] In *Liberty Surplus* the insurer only sought a declaratory judgment that it had no duty to indemnify. *See* 420 F.3d 65. Here, however, ILU sought a declaratory judgment that it had both no duty to defend and no duty to indemnify.

3

by taking legal steps to "free itself" from its policy obligations, and LaGen prevailed on the merits. *Ruling* 4–5, Doc. 214. Accordingly, LaGen is entitled to receive reasonable attorneys' fees for defending suit in the indemnity stage of the litigation.

### C.     Reasonableness of Attorneys' Fees

In its motion, LaGen seeks $2,098,525.76[4] in attorneys' fees and expenses, including expert fees, plus prejudgment interest. ILU makes numerous objections to the fees request. *See ILU's Opp'n*, Doc. 359. This Court previously ruled on several of these objections. *Ruling*, Doc. 214.[5] Absent a persuasive reason to the contrary, the Court's prior ruling in this case governs.

Additionally, ILU argues that the high number of hours LaGen is requesting for attorneys' fees is unreasonable given the nature of the coverage issue in this case.[6] Similar to the duty to defend phase, the indemnity stage of litigation involved extensive motion practice and substantial fact and expert discovery. As pointed out by LaGen, the high hours billed during this stage stem from LaGen's response to ILU's own discovery tactics. After an *in camera* review of the un-redacted invoices, and in reliance on the Court's intimate knowledge of the litigation process, the Court finds that the hours expended were reasonable.

---

[4] This amount includes $1,501,036.46 in regular fees and $597,489.30 in success fees. *LaGen's Supp. Mem.* 5, Doc. 357-1.

[5] First, ILU contends that the hourly fees are excessive and unreasonable in light of the hourly rate charged by attorneys in the local forum. This Court previously held that LaGen's requested hourly rates, including those for an out-of-state firm, are reasonable. *Ruling* 8–10, Doc. 214. Additionally, this Court ruled that, pursuant to the Retention Agreement, it was reasonable to recover success fees in this case. *Id.* at 12. Second, ILU argues that LaGen failed to establish the reasonableness of its fees because they would not provide ILU with un-redacted invoices. This Court previously held that LaGen was not required to provide ILU with un-redacted invoices because the Court would review such invoices *in camera* when making its reasonableness determination. *Id.* at 6 n.5. Additionally, the Court found that ILU's objection to block-billing was without merit. *Id.* Finally, ILU argues that LaGen miscalculated the prejudgment interest because prejudgment interest begins to accrue from the date on which the right to attorneys' fees is established. In its prior ruling, this Court noted that under New York law prejudgment interest runs from the time it was incurred. *Id.* at 5 n.3. Under the circumstances of this case, the Court in its discretion finds that prejudgment interest should run from the invoice date, as a reasonable intermediate date. *See* N.Y. C.P.L.R. § 5001(b).

[6] Specifically, ILU argues that the total hours billed (approximately 4,190) and the hours billed for litigation support (approximately 153) are unreasonable.

### III.  CONCLUSION

For the reasons stated above, the plaintiffs' Motion for Attorneys' Fees (Doc. 357) is **GRANTED** as to attorneys' fees and prejudgment interest thereon, in all other respects it is **DENIED**. LaGen is instructed to file an application for cost with the Clerk of Court to request costs and expenses other than attorneys' fees. The attorneys shall file a joint form of judgment containing recalculations of attorneys' fees and prejudgment interest consistent with this opinion.

Signed in Baton Rouge, Louisiana, on January 13, 2016.

        **JUDGE JAMES J. BRADY**
        **UNITED STATES DISTRICT COURT**
        **MIDDLE DISTRICT OF LOUISIANA**